IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY YAZUJIAN and ALICE YAZUJIAN, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MERRELL & GARAGUSO, INC., JACOBS ENGINEERING GROUP, INC., and JACOBS PROJECT MANAGEMENT CO., | : | NO.  12-1450 |
| | : | |
| Defendants. | : | |

MEMORANDUM

BUCKWALTER, S.J.                                                                                          July 10, 2012

Currently pending before the Court is Defendant Merrell & Garaguso, Inc.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Motion is granted.

I.      FACTUAL AND PROCEDURAL HISTORY

On September 29, 2010, Plaintiff Harry Yazujian, an employee of Defendant Merrell & Garaguso, Inc. ("M&G"), was working on a construction project at Amtrak's 30th Street Station in Philadelphia, Pennsylvania.  (Compl. ¶ 6.)  Defendant Jacobs Project Management Company—a wholly-owned subsidiary of Defendant Jacobs Engineering Group, Inc.—managed the construction project.  (Id. ¶¶ 9-10.)  On that date, Mr. Yazujian was on a ladder, working to remove a ceiling, when the ceiling collapsed and knocked him off the ladder, causing multiple injuries.  (Id. ¶¶ 11, 18, 21.)

Mr. Yazujian and his wife, Plaintiff Alice Yazujian, filed their Complaint in the Court of Common Pleas of Philadelphia County on February 14, 2012.  The Complaint contains

negligence claims by Mr. Yazujian against all Defendants, (Counts I-III), as well as loss of consortium claims by Mrs. Yazujian against all Defendants (Counts IV-VI). (Id. ¶¶ 29-43.) On March 22, 2012, Defendants Jacobs Project Management Company and Jacobs Engineering Group, Inc. successfully removed the action to this Court. Defendant M&G filed the present Motion to Dismiss on April 12, 2012. Plaintiffs filed their Response in Opposition on April 25, 2012, and Defendant Jacobs Project Management Company filed an Answer on April 27, 2012.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. Civ.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008).  Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Fed. R. Civ. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**III.   DISCUSSION**

Pennsylvania's Workers' Compensation Act ("WCA") "provides an employee's exclusive remedy against his employer for injuries sustained while acting within the course of his employment." Parilla v. U.S., No. Civ.A.06-2858, 2007 WL 2032903, at *1 (E.D. Pa. July 12, 2007).  Specifically, the statute states that

> [t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 Pa. Cons. Stat. § 481(a).  "As part of the quid pro quo of the [WCA], an employee surrenders the right to sue an employer in tort for injuries received in the course of employment to obtain the benefit of strict liability."  Wasserman v. Fifth & Reed Hosp., 660 A.2d 600, 604 (Pa. Super. 1995).  Thus, the WCA is "a complete substitute for, not a supplement to, common law tort actions."  Hefferin v. Stempkowski, 372 A.2d 869, 871 (Pa. Super. 1977).

Here, Plaintiffs admit that their claims against Mr. Yazujian's employer, Defendant M&G, relate to injuries Mr. Yazujian sustained during the course of his employment as a laborer. (Compl. ¶¶ 6, 11, 18, 21.)  Plaintiffs also allege, however, that Defendant M&G waived its immunity under the WCA.  (Id. ¶ 8.)  In support of this assertion, Plaintiffs have attached to the Complaint a letter from Defendant Jacobs Engineering Group, Inc. to Defendant M&G, referencing the latter's "waiver of immunity under the applicable worker's compensation statute" pursuant to a "Design-Build Agreement E3X35612" ("DB Agreement").  (Compl., Ex. A.)  The DB Agreement is not attached to the Complaint.

Defendant M&G has moved to dismiss, noting that claims made by an employee against his employer for work-related injuries are barred by the WCA.  (Def. M&G's Mem. Supp. Mot. Dismiss 3-4.)  Defendant M&G contends that the DB Agreement is between itself and Defendant Jacobs Engineering Group, Inc., and has no bearing on Plaintiffs' claims.  (Id. at 4.)  In response, Plaintiffs argue that the extent of Defendant M&G's alleged waiver of immunity is unclear at this stage of the litigation, and so dismissal of the action would be premature.  (Pls.' Resp. Opp'n 2.)

The Court finds that Defendant M&G must be dismissed from this action. Significantly, in making their waiver argument, Plaintiffs do not identify any portion of the WCA that states that an employer may simply forego the exclusivity provision of § 481(a) and consent to be sued in court. Rather, the only legal authority cited by Plaintiffs is Bester v. Essex Crane Rental Corp., 619 A.2d 304, 306-07 (Pa. Super. Ct. 1993), which discusses waiver pursuant to 77 Pa. C.S. § 481(b). Section 481(b) states that when an employee's injuries are caused by a third party, that party cannot sue the employer for damages, contribution, or indemnity unless the employer expressly agrees to such liability in a written contract.[1] 77 Pa. Cons. Stat. § 481(b). It does not affect an employer's liability to its own employees.

In Bester, the plaintiff-employee filed suit against Essex Crane Rental Corporation—which had leased a crane to his employer, Russell Construction Company—alleging that he was injured by one of Essex Crane's employees while working on the crane. Id. at 305-06. The plaintiff-employee did not name his employer as a defendant. Rather, Essex Crane sought indemnity from Russell Construction and joined it as a third-party

---

[1] 77 Pa. C.S. § 481(b) states in its entirety:

> In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 Pa. Cons. Stat. § 481(b).

defendant. Id. at 305.  The court was called upon to determine whether "the employer-contractor, Russell Construction Company, agree[d] to indemnify the lessor-supplier of a crane, Essex Crane, for damages in a claim by an employee of the contractor for injuries allegedly caused by an employee of the lessor-supplier, Essex Crane." Id. at 305.  The court ultimately concluded that the indemnity provision in the lease between Essex Crane and Russell Construction did not satisfy § 481(b), and affirmed the lower court's dismissal of Russell Construction from the lawsuit.  Id. at 308-09.

Bester is therefore inapplicable to the current litigation.  Furthermore, in conducting its own research, the Court was unable to find any statutory text or case law to support Plaintiffs' argument that an employer may arbitrarily opt out of the WCA system for addressing work-place injuries.  Indeed, the absence of any such authority is consistent with language of the statute itself.  While § 481(b) explicitly provides employers with both immunity from third-party claims and the ability to waive that immunity via written contract, § 481(a) states that "liability of an employer under this act *shall be exclusive and in place of any and all other liability* to such employes," and is silent with respect to waiver.  77 Pa. Cons. Stat. § 481 (emphasis added).[2]  In

---

[2] The Court recognizes that there are some limited exceptions to § 481(a) exclusivity, but none of these are applicable to Plaintiffs' waiver argument.  For example, under the "personal injury" or "third party attack" exception, the WCA's exclusivity provision "'does not preclude damage recoveries by an employee, based upon employer negligence in maintaining a safe workplace, if such negligence is associated with injuries inflicted by a co-worker for purely personal reasons.'" Krasevic v. Goodwill Indus. of Cent. Pa., Inc., 764 A.2d 561, 565 (Pa. Super. Ct. 2000) (quoting Kohler v. McCrory Stores, 615 A.2d 27, 30 (Pa. 1992)); see also 77 Pa. Cons. Stat. § 411(1) ("The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment[.]").  Also, an employee's tort action may proceed "where the employer knew its employee had a disease and withheld that information, causing an aggravation of the disease."  Ranalli v. Rohm & Haas Co., 983 A.2d 732, 735 (Pa. Super. Ct. 2009) (citing

sum, because the WCA provides the exclusive remedy for an employee's claims against an employer—and because Plaintiffs have not identified any exception to this provision that would allow their claims to proceed—the Court grants Defendant M&G's Motion to Dismiss.

## IV.     CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiffs' claims against Defendant M&G arise out of an incident that occurred during the course of Plaintiff Harry Yazujian's employment, that Pennsylvania's Workers' Compensation Act provides the exclusive remedy for such claims, and that Plaintiffs have failed to identify any exception to the Act's exclusivity provision that would allow them to pursue their claims in this Court. Defendant M&G's Motion to Dismiss is therefore granted.

An appropriate Order follows.

---

Martin v. Lancaster Battery Co., 606 A.2d 444 (Pa. 1992)).  Next, one Pennsylvania court has held that the WCA does not bar an employee's claim against his employer for spoliation of evidence related to a workplace accident.  Minto v. J.B. Hunt Transport, Inc., 971 A.2d 1280, 1281, 1283-84 (Pa. Super. Ct. 2009).  As a final example, "an employee is given the option to sue an employer in tort or pursue a workers' compensation remedy if the employer is uninsured or is not an approved self-insurer."  Campagna v. Brandon Knitwear, Inc., 797 A.2d 405, 406 n.1 (Pa. Commw. Ct. 2002) (citation omitted).  Again, Plaintiffs have not alleged that any of these or any comparable exceptions apply.